UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                       Case No. 13-11435

LARA DUPUIS,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff Malibu Media, LLC's ("Malibu") Motion for Default Judgment, its memorandum in support of that motion and the related exhibits, and the entire record herein, IT IS ORDERED:

FIRST, that Malibu's Motion for Default Judgment is GRANTED.

SECOND, that judgment is entered in favor of Malibu and against Defendant.

THIRD, that Malibu is awarded statutory damages in the amount of $15,000. Despite Malibu's argument to the contrary, the court declines to find a willful violation based on Malibu's amended complaint and Dupuis's default. Malibu's only allegation in its amended complaint concerning willful infringement by Dupuis is that "Defendant's infringements were committed 'willfully' within the meaning of 17 U.S.C. § 504(c)(2)." (Pg. ID# 55.) This is merely a legal conclusion stated as a factual allegation and it is doubtful whether it would have survived a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court finds the damages provided in 17 U.S.C. § 504(c)(1) to

be sufficient and awards $750[1] in statutory damages for each of Malibu's twenty claims against Dupuis. Malibu's request for post-judgment interest is denied as it did not request such interest in its amended complaint.

FOURTH, that Malibu is awarded attorney's fees and costs in the amount of $1,679. The court finds Malibu's request for $2,550 (at a rate of $300 an hour for eight and a half hours) in attorney's fees to be unreasonable—Malibu has filed hundreds of similar actions across the country and its attorney's assertion that he spent an hour drafting what appears to be a boilerplate complaint, and an hour and twenty minutes drafting a two-page motion for default judgment strains the court's credulity. The court further notes that Malibu's requested attorney's fees continually reference multiple defendants—a curious request given that there has only ever been one defendant named in this case. Accordingly, the court awards Malibu attorney's fees for five hours at a rate of $250 an hour. *See* State Bar of Michigan 2010 Economics of Law Practice Summary Report, at 9 (stating that the median attorney billing rate for an attorney whose office is in Oakland County, south of M-59, is $250 an hour). The court awards Malibu its requested filing fee of $350, but reduces Malibu's requested $95 service-of-

---

[1] At the default hearing, Malibu argued that the proper statutory damages should be $2,250 for each infringing work. However, the court notes that in the two cases cited by Malibu there is little discussion of why $2,250 is the proper amount of statutory damages. *See Malibu Media, LLC v. Babb*, No. 13-cv-00320-WYD-MEH, 2013 WL 5387435, at *10 (D. Colo. September 26, 2013) (noting that "Plaintiff established at the hearing that courts across the country have typically awarded $2,250.00 per infringement in cases of this type."); *Malibu Media, LLC v. John Does*, No. 12-2078, 2013 WL 3038025, at *8 (E.D. Pa. June 18, 2013) (stating that the judge began with the statutory minimum of $750 per infringement and trebled it to note that defendants committed a "serious tort"). Accordingly, the court remains convinced that its award of $750 per infringing work is the correct amount of statutory damages.

process fee to $79 given that Malibu's requested costs are contradicted by the record. (*See* Pg. ID# 67)

FIFTH, that as of the date of this Order, a permanent injunction is hereby issued against Dupuis enjoining her from directly, contributorily, or indirectly infringing Malibu's rights under federal or state law of Malibu's copyrighted works, including, but without limitation, by using the internet, BitTorrent, or any other online media distribution to reproduce or distribute the works, or by making the works available to the public, except pursuant to a lawful license, or with Malibu's express consent. Dupuis is further ordered to destroy all unauthorized copies of Malibu's works on any computer hard drive, server, or any other medium or device in Dupuis's possession, custody, or control.

FINALLY, the court declines to exercise continuing jurisdiction over this matter.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522